# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHAB NADHIM KIFAH,<br>Petitioner,<br>v.<br>JOHN ZANONI,<br>Respondent. | Case No. 1:26-cv-01688-EPG-HC<br><br>ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

Petitioner is a pretrial detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the petition, Petitioner asserts that he has been denied bail in his state criminal proceeding due to a detainer placed by the U.S. Marshals Service, in violation of his right to reasonable bail, equal protection, due process. (ECF No. 1 at 6.[2]) Petitioner requests that the Court remove the detainer lodged against Petitioner. (Id. at 7.)

**A. Exhaust**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Id. A petitioner in state custody can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

To the extent Petitioner challenges the superior court's bail determination, it appears Petitioner has failed to exhaust all available judicial remedies because he has not sought relief in the California Supreme Court. (ECF No. 1 at 2–5.) It is possible, however, that Petitioner has presented his claim to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claim now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

**B. Failure to State Cognizable Federal Habeas Claim**

"Although an accused has a Fourteenth Amendment due process right to have a state's bail system administered without caprice or discrimination, he has no absolute right to bail." Kelly v. Springett, 527 F.2d 1090, 1093 (9th Cir. 1975). "A federal detainer may prevent a prisoner in state custody from securing release on bail." Blake v. Davenport, No. 5:25-CV-

[2] Page numbers refer to the ECF pagination stamped at the top of the page.

01122-HDV-KES, 2025 WL 2684283, at *7 (C.D. Cal. Aug. 22, 2025) (citing Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988) ("A prisoner in state custody who cannot secure his release on bail because of a federal detainer is entitled to credit against his federal sentence for the time he would otherwise be out free on bail.")).

**III.**

**ORDER**

Accordingly, the Court HEREBY ORDERS Petitioner to SHOW CAUSE why the petition should not be dismissed for failure to exhaust judicial remedies and failure to state a cognizable federal habeas claim within **THIRTY (30) days** of the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **August 10, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE